## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DERRICK SCOTT (#126372)            CIVIL ACTION

VERSUS

BENJAMIN ZERINGUE, ET AL.            NO. 13-0109-SDD-RLB

## O R D E R

This matter comes before the Court on the Plaintiff's *Motion to Enforce A Order Upon LSP Officials to Provide Legal Assistance to Plaintiff*[1], which the Court interprets to be a request for preliminary injunctive relief.

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Benjamin Zeringue, Lt. L. Roblin, and Major Davis, complaining that Defendant Zeringue violated the Plaintiff's constitutional rights on or about December 22, 2012, by subjecting the Plaintiff to excessive force and by issuing the Plaintiff a retaliatory disciplinary report in response to the Plaintiff's refusal to withdraw a pending administrative grievance.

The Plaintiff's Motion is DENIED. In order to obtain a restraining order or preliminary injunctive relief, the Plaintiff must demonstrate: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve

---

[1] Rec. Doc. 38.

the public interest."[2]  Preliminary Injunctive relief is "an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[3]

Based on a review of the record before the Court, the Plaintiff is not entitled to the relief requested.  Although he asserts that he has not been provided with requested "legal cases" from the law library or "paper and pen to assist [him] in preparing" his case, he has successfully filed numerous pleadings in this and other cases pending before this Court, and he does not identify any particular legal research that he requires or any pleadings that he has been unable to file in this case.  He has cited the Court's attention to pertinent jurisprudence in the instant motion, and the motion itself (together with a reference therein to "several letters" that he has sent to prison officials) reflects that he is in possession of "paper and pen" as needed to prepare and submit documents to the Court.

The right of access to the courts is encompassed within the First Amendment right to petition the government for redress of grievances.[4] The First Amendment, however, "guarantees no particular methodology but rather the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[5] In addition, one element of an access-to-courts claim is a requirement that the plaintiff must have sustained some injury as a result of the conduct complained of by the defendants.[6]

---

[2] Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192 (5th Cir. 2003); Gipson v. JPMorgan Chase, 2013 WL 3746003 (N.D. Tex. July 17, 2013).

[3] Id.

[4] See Wilson v. Thompson, 593 F.2d 1375, 1387 (5th Cir. 1979).

[5] Lewis v. Casey, 518 U.S. 343, 356 (1996).

[6] Id. at 348.

In the instant Motion, the Plaintiff has made no showing of any injury or prejudice resulting from the Defendants' actions.

**ACCORDINGLY**, upon finding by the Court that the Plaintiff has not established his entitlement to injunctive relief;

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Plaintiff's *Motion to Enforce A Order Upon LSP Officials to Provide Legal Assistance to Plaintiff*[7] be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 27 day of September, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[7] Rec. Doc. 38.